# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES WESLEY DAVIS, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> L. RIVA, WARDEN, ) <br> ) <br> Respondent. ) | Case No. 2:14-cv-050-JMS-DKL |

**Entry Dismissing Petition for Writ of Habeas Corpus**

### I.  Background

Petitioner James Wesley Davis is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). This action was filed on February 25, 2014. Mr. Davis alleges that he is in federal custody unlawfully. The respondent has responded to the petition and the petitioner has replied. The respondent argues that Mr. Davis failed to exhaust his administrative remedies and his claim fails on the merits.

Mr. Davis is currently serving a term of imprisonment of 384 months imposed by the United States District Court for the Northern District of Texas in No. 3:08-CR-289-B, pursuant to his conviction for using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He has a projected release date (via Good Conduct Time release) of January 30, 2041, and a full term expiration date of March 15, 2045.

## II.     Contentions

Mr. Davis argues that he was released by the State of Texas and he is now being illegally detained in federal prison. Mr. Davis has a long history of incarceration in state and federal prisons. He argues that he began serving his federal conviction of 384 months in August of 2008 and then was discharged from that conviction the following month, September 3, 2008, to serve a Texas state conviction for violation of parole. He argues that because he began to serve that federal sentence and it was "interrupted," his federal sentence must be deemed discharged as of the date of his release to Texas authorities. He cites no legal authority for his proposition, nor does he explain how a 384 month sentence could be served in one month. The respondent disputes Mr. Davis' contention that he began serving his current federal sentence back in 2008.

The respondent asserts that on January 10, 2008, Mr. Davis was arrested by Texas authorities for violating conditions of his State of Texas parole. At the time of his arrest, Mr. Davis had been on state parole supervision for a period of 1,160 days (November 6, 2004 through January 9, 2008).

On January 17, 2008, Mr. Davis was transferred (loaned) to federal custody on a writ of habeas corpus *ad prosequendum*. On August 7, 2008, the United States District Court for the Northern District of Indiana sentenced Mr. Davis to a term of imprisonment of 24 months for violation of his federal supervised release. That same date, in No. 3:08-CR-036-B-1, the Northern District of Texas district court sentenced Mr. Davis to a term of imprisonment of 384 months pursuant to a conviction in that court for brandishing a firearm during and in relation to a crime of violence. The two federal sentences imposed on August 7, 2008, were ordered to be served concurrent to each other but consecutive to the various State of Texas terms of imprisonment that Mr. Davis was then serving.

On August 26, 2008, Mr. Davis was returned to the custody of the State of Texas for service of his state sentences. The respondent further asserts that at the time of Mr. Davis' return to Texas custody, federal authorities lodged a detainer with Texas with respect to Mr. Davis and his yet to be served federal sentences.

On June 6, 2011, the State of Texas released Mr. Davis from his state imprisonment on parole. Although a federal detainer had been lodged against Mr. Davis with Texas authorities, Mr. Davis was inadvertently released. On June 22, 2011, Mr. Davis was arrested by federal authorities on the basis of the federal criminal case judgments against him.

The respondent states that service of Mr. Davis' federal sentence was deemed to have commenced on June 22, 2011, the date he came into federal custody for the service of his federal sentences. *See* 18 U.S.C. § 3585(a).

### III. Exhaustion of Administrative Remedies

The respondent's first defense is that Mr. Davis failed to exhaust his administrative remedies before filing this action. The Bureau of Prisons ("BOP" or "Bureau") has promulgated an administrative remedy system by which an inmate may seek review of nearly every aspect of imprisonment. *See* 28 C.F.R. § 542.10, *et seq.* and BOP Program Statement 1330.17, *Administrative Remedy Procedures for Inmates.* Under that system, an aggrieved inmate must first initiate an informal remedy request ("BP-8"). If the inmate is not satisfied with the staff's proposed resolution to the BP-8, he may then initiate his formal administrative remedy. The first step in the formal administrative remedy process is to address a remedy request ("BP-9") to the institution Warden. If the inmate is not satisfied with the Warden's response to the BP-9, the inmate may appeal that response to the BOP's Regional Director ("BP-10"). If not satisfied with the response of the Regional Director to the BP-10, the inmate may appeal to the Bureau's General Counsel

("BP-11"). If dissatisfied with the response of the General Counsel to the BP-11, the inmate may then initiate an action in district court.

Davis has filed one remedy request, a BP-9, relating to the issue of his sentence calculation. That request, filed on February 12, 2014, as remedy number 757921-F1, "requesting jail credit time," was closed (denied) on March 7, 2014, at the institution level. Mr. Davis did not file an appeal of the denial of his BP-9 to the Regional Director. Mr. Davis filed his instant action in district court on February 25, 2014, ten days before the Warden issued his response to the BP-9.

Mr. Davis argues that he was not required to exhaust his administrative remedies before filing his petition because he is not challenging prison conditions. Claims concerning prison conditions, however, are not the only ones which must be exhausted before bringing them to district court. Mr. Davis must exhaust his administrative remedies, including an administrative appeal, before he may seek habeas review from a district court. *Moore v. Olson,* 368 F.3d 757, 758 (7th Cir. 2004); *Jake v. Herschberger,* 173 F.3d 1059, 1063 (7th Cir. 1999); *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (administrative remedies must be exhausted before challenging calculation of sentence in section 2241 petition). Mr. Davis, in essence, challenges the date his current sentence commenced. He must exhaust that claim before he can obtain habeas review from this Court.

## IV. Conclusion

Mr. Davis failed to exhaust his administrative remedies before bringing this action. Therefore, his section 2241 habeas petition is **dismissed as premature.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   December 15, 2014

_(signed)_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

James Wesley Davis
Reg. No. 30453-138
United States Penitentiary – FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically registered counsel